IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH SALTER, JR.,       *
                                 *
     Plaintiff,          *
                                 *
vs.                        *   Civil Action No. 08-00131-CG-B
                                 *
MICHAEL J. ASTRUE,      *
                                 *
     Defendant.          *

## REPORT AND RECOMMENDATION

This action, which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), was filed on behalf of Joseph Salter, Jr., a minor, by Rev. Preston L. Scarbrough.  Mr. Scarbrough seeks to appeal the denial of Joseph Salter's application for supplemental security income benefits.  Pending before the Court is Plaintiff's Complaint (Doc. 1) and Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2).

In an Order dated March 27, 2008 (Doc. 3), the undersigned observed that a review of Plaintiff's complaint reflects that it is signed by "Rev. Preston L. Scarbrough" and includes the notation "Power of Attorney."  The Court further noted that attached to the complaint is a Social Security Administration "Appointment of Representative Form" which has been signed by Ms. Clements, mother of Joseph Salter, Jr., and that it appears that Ms. Clements appointed Rev. Scarbrough to act as Joseph Salter, Jr.'s representative in proceedings before the Social Security Administration.  Because Rev. Scarbrough is not admitted to

practice before this Court, the undersigned observed that his filing of pleadings before this Court, on behalf of Joseph Salter, Jr., constitutes the unauthorized practice of law, and directed Rev. Scarbrough to cease filing documents in the case. *See* ALA CODE 1975, §§ 34-3-6 and 7.

The Court further noted that while Ms. Clements is empowered to act on behalf of her minor son, she is not admitted to practice before this Court; thus, like Rev. Scarbourgh, she cannot proceed pro se on behalf of her son. Accordingly, Ms. Clements was directed to obtain the services of a licensed attorney, if she desired to continue this action on behalf of her minor son, and to have the licensed attorney file a Notice of Appearance and an Amended Complaint, executed by said counsel, no later than April 25, 2008. Ms. Clements was cautioned that this case would be subject to dismissal if the Notice of Appearance and Amended Complaint were not filed as directed. Ms. Clements was also provided the names and telephone numbers of local attorneys who regularly appear before this Court in Social Security cases, as well as contact information for the Mobile Bar Association.

 Notwithstanding the Court's Order, to date, no attorney has appeared in this case on behalf of Joseph Salter, Jr. Instead, on April 4, 2008, Rev. Scarbrough filed a document styled "Objection to Order of the Magistrate" (Doc. 4). In the Objection, Rev. Scarbrough does not contest the fact that he is not licensed to

practice before this court.  He instead argues that "20 C.F.R.
404.1705 and 1706" gives him the right to represent Joseph Salter,
Jr. in this Social Security appeal.

Under the law of this Circuit, parents do not have the right
to represent their children in federal court.  <u>Devine v. Indian
River County Sch. Bd.</u>, 121 F.3d 576 (11th Cir. 1997).  In <u>Devine,</u>
the Eleventh Circuit held "that parents who are not attorneys may
not bring a pro se action on their child's behalf–because it helps
to ensure that children rightfully entitled to legal relief are not
deprived of their day in court by unskilled, if caring, parents."
121 F. 3d at 582.  Recently, in <u>Winkelman v. Parma City Sch. Dist</u>.,
127 S.Ct. 1994, 167 L.ED. 2d 904 (2007), the United States Supreme
Court decided that a parent has independent rights under the
Individuals with Disabilities in Education Act ("IDEA"), including
the right to have her child receive a meaningful education, and a
parent may sue on those parental rights.   The Court declined
however to decide  whether a parent could litigate *pro se* her
child's rights under the IDEA.   <u>Id</u> at 2007.  As a result, the
Eleventh Circuit's <u>Devine</u> decision prohibiting a parent from
representing a child's rights without use of an attorney is still
the law of this Circuit.

In the case at hand, Ms. Clements appointed Rev. Scarbourgh,

a non-attorney, pursuant to 20 C.F.R. 410.684[1], to serve as her minor son's representative in proceedings before the Social Security Administration.    For purposes of this action, that appointment is of no moment because this case is no longer before the Social Security Administration, but is now before a federal court, which is a totally different legal forum.  A non-attorney cannot represent another person or entity in federal court because such would constitute the unauthorized practice of law.  See ALA CODE 1975, §§ 34-3-6 and 7.  Notwithstanding the fact that Ms. Clements was granted leave in order to obtain counsel to represent her minor son in this action, she has failed to do so, and has offered no explanation for such failure.

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute.   See, e.g., Hudson v. Cardwell Corp., Slip

---

[1]§410.684 provides:

A party in an action leading to an initial or reconsidered determination, hearing, or review, as provided in §§ 410.610 to 410.678, inclusive, may appoint as his representative in any such proceeding only an individual who is qualified under §410.685 to act as his representative. Where the individual appointed by a party to represent him is not an attorney, written notice of the appointment must be given, signed by the party appointing the representative, and accepted by the representative appointed. The notice of appointment shall be filed at an office of the Administration, with a hearing examiner, or with the Appeals Council, as the case may be.  Where the representative appointed is an attorney, in the absence of information to the contrary, his representation that he has such authority, shall be accepted as evidence of the attorney's authority to represent a party.

4

Copy, 2006 WL 2135791, *2 (S.D. Ala. July 27, 2006) (Steele, J.). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id. See also e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962). Dismissal with prejudice is thus appropriate where the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. See, e.g., Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Due to Plaintiff's failure to comply with this Court's Order (Doc. 3) and prosecute this action, and upon consideration of the alternatives that are available to this Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. See, e.g., Link, 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **2nd** day of **May, 2008.**

/s/ Sonja F. Bivins
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

7

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                **/S/ SONJA F. BIVINS**
                **UNITED STATES MAGISTRATE JUDGE**